IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLAS FAUCONIER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-05-149 |
| E.M. SHRINER, *et al.* | : | |
| Defendants | : | |

. . . .oOo. . . .

## MEMORANDUM OPINION

This civil rights action was filed on January 18, 2005 and concerns Plaintiff's claim that Defendants interfered with his constitutional right of access to the courts. (Paper No. 1). Now pending is Defendants' Motion to Dismiss or for Summary Judgment. (Paper No. 13). Plaintiff has filed a Response to the Motion, supported by an affidavit. (Papers No. 15 and 16). Upon review of the papers filed, this Court finds that a hearing in this matter is unnecessary. For the reasons set forth below, Defendants' Motion, construed as a Motion for Summary Judgment, will be granted.

### Background

The facts in this case are undisputed. While Plaintiff was incarcerated at the Maryland Correctional Institution in Hagerstown (MCIH)[1] he sought to challenge his Virginia convictions for three counts of robbery, three counts of abduction, three counts of use of a firearm in the commission of a felony and one count of object sexual penetration for which he received a sentence of 99 years and six months. (Paper No. 13 at Ex. 3). Plaintiff filed a Petition for Writ of Habeas Corpus in the Circuit Court for Arlington County, Virginia on September 25, 2002. (*Id.* at Ex. 3, p. 2). His petition was denied, however, because "the time within which [he] had to file his petition regarding

---

[1] Prior to filing this complaint, Plaintiff was transferred from Maryland to Virginia to begin serving his Virginia sentence.


SCANNED

his abduction, robbery and firearm convictions expired on December 3, 2000 . . . [and] the time within which [he] had to file his petition regarding his object sexual penetration conviction expired on March 15, 2001." (*Id.* at p. 1). Plaintiff sought to appeal the Circuit Court's decision in the Supreme Court of Virginia, but his petition for appeal was denied upon a finding of no reversible error. (*Id.* at Ex. 4).

The instant cause of action concerns Plaintiff's attempt to petition the Supreme Court of Virginia for a rehearing. (Paper No. 16). Plaintiff's Petition for Rehearing was denied as untimely. (Paper No. 13 at Ex. 5). Plaintiff claims that he relinquished control of the Petition to prison authorities when he placed it in the institutional mail on April 7, 2004. (Paper No. 16 at p. 4). It was not received by the Virginia Supreme Court until April 15, 2004. (*Id.*). Plaintiff contacted the Clerk of the Virginia Supreme Court regarding his attempt to comply with the filing deadline. He was informed by the Deputy Clerk that his Petition for Rehearing could be considered as timely filed upon receipt of an affidavit from the appropriate prison official stating when the Petition was placed in the institutional mail. (*Id.*). Plaintiff was given a deadline of May 18, 2004, to provide the affidavit. (*Id.* at Ex.1).

Requests by Plaintiff and his mother to obtain an affidavit from Defendants were denied. (Papers No. 15 and 16). Plaintiff claims that the failure to provide an affidavit violates His First Amendment right to access the courts. (Paper No. 16 at p. 4). Specifically, Plaintiff asserts that the refusal to provide the needed affidavit was tantamount to an active interference with his ability to obtain a rehearing in the Virginia Supreme Court. *Id.* Defendants do not deny that the affidavit was not provided to Plaintiff as requested, but maintain that he was not prejudiced by that denial. (Paper No. 13).

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

**Analysis**

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430

3

U. S. 817, 821 (1977). *Bounds,* however,

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey,* 518 U. S. 343, 355 (1996). Assuming, without deciding, that Plaintiff's litigation in the Virginia Supreme Court constitutes a proper attack on his Virginia sentence, Plaintiff nonetheless has failed to demonstrate entitlement to the relief sought herein.

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland,* 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis,* 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis,* 518 U.S. at 349.

The instant claim fails in several respects. First, the refusal to provide Plaintiff with an affidavit stating when his Petition for Rehearing was mailed is not a deliberate attempt to thwart his access to courts. There is no evidence in this case that anyone contacted by Plaintiff, or on Plaintiff's behalf, had the personal knowledge required to sign such a statement. (*See* Paper No. 15). Secondly, and perhaps more importantly, there is no evidence that even suggests that Plaintiff's Petition for Rehearing would have been granted by the Virginia Supreme Court or that his challenge to his

Virginia convictions would have ultimately been successful. Plaintiff's initial habeas corpus petition was untimely by more than a year. (Paper No. 13 at Ex. 3). The dismissal of the petition as untimely was reviewed by the Virginia Supreme Court and affirmed. (*Id.* at Ex. 4). There is no evidence, or even a suggestion, that the determination regarding the timeliness of Plaintiff's Petition for Writ of Habeas Corpus was incorrectly decided, making it amenable to correction on rehearing. Accordingly, Defendants are entitled to summary judgment in their favor.

A separate Order follows.

August 1, 2005

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

5